IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACK A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-30-MHT |
| | ) | [WO] |
| NURSE JAMES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff challenges the conditions of confinement he was subjected to during his incarceration at the Lowndes County Detention Center. Plaintiff further alleges he was denied adequate medical care. Plaintiff names as defendants Sheriff John Williams, Nurse James, and Lieutenant Glover. He seeks "help for pain and suffering" and injunctive relief. *Doc. No. 1*.

Defendants filed answers, special reports, and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants argue this case is due to be dismissed because prior to filing this cause of action Plaintiff failed to properly exhaust an administrative remedy available to him at the Lowndes County Detention Facility regarding the claims in the complaint. *Doc. No. 11* at 10; *Doc. No. 20* at 7-10. Defendants base their exhaustion defense on Plaintiff's failure to file a grievance regarding the claims presented in this action. *Id*.

On May 8, 2015, the court provided Plaintiff an opportunity to file a response to Defendants' reports in which he was advised to "specifically address Defendants' assertions that ... [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Doc. No. 21* at 1 (footnote omitted). The court granted Plaintiff's request for an extension to file his response, but he has filed no response to this order within the time allowed by the court.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant" "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat Defendants' reports as motions to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of

>    corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits,

and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. App'x at 535.

Upon review of the complaint, Defendants' special reports, and the evidentiary materials filed in support thereof, the court concludes that Defendants' motions to dismiss are due to be granted.

### III. DISCUSSION

Plaintiff complains that Defendants denied him adequate medical care and subjected him to unconstitutional conditions of confinement. Defendants deny Plaintiff's allegation and maintain this case is subject to dismissal because Plaintiff failed to exhaust properly the administrative remedy provided at the Lowndes County Detention Facility prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Doc. No. 11 at 10*; *Doc. No. 20, Williams and Glover Affidavits, Exhs. A, B*.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal

court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F3d at 1378 (quoting *Johnson v. Meadows*, 418 F3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Lowndes County Detention Center provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Doc. No. 20, Williams and Glover Affidavits, Exh. B*. The grievance procedure allows inmates to submit grievances to jail personnel regarding matters occurring during their incarceration at the jail. The relevant portion of the grievance procedure indicates that:

> A grievance process is available to all inmates of Lowndes County Jail, and a grievance may be properly filed without fear of retaliation. Inmates must first attempt to resolve a grievance on an informal basis with the Jail Staff or corporal. If an informal resolution cannot be reached, then a formal grievance may be filed by use of a "Request Form"; these forms are available to all housing units. Describe the situation and nature of the grievance as completely as possible, and submit the form to Jail Staff. It will be forwarded to the Jail Sergeant for review. The Jail Sergeant will determine whether the grievance has merit, what steps (if any) will be taken, and respond to the inmate. If the inmate is not satisfied with the decision, then he/she may file an "appeal" with the Jail Captain. The Captain will further review the matter, make a determination, and respond to the inmate. Group grievances or grievances submitted on behalf of other inmates are not permitted. Grievances or appeals containing threats, profanity or provocative language are not accepted; these are discarded. Abuse of the grievance process or employing it to create a nuisance will not be tolerated.

*Doc. No. 20, Exh. B* at 21; *see also Williams and Glover Affidavits*.

The evidentiary materials filed by Defendants demonstrate that Plaintiff failed to properly exhaust the administrative grievance procedure available at the Lowndes County Detention Center. Specifically, Plaintiff filed no grievance regarding the claims made the basis of the instant complaint prior to filing this case. Plaintiff does not dispute his failure to submit a grievance addressing the medical treatment provided him nor the conditions of confinement to which he was subjected during his incarceration at the Lowndes County Detention Center.

Based on the evidence in the record, the court finds that Plaintiff failed to properly exhaust the grievance procedure provided at the. Lowndes County Detention Center. Specifically, Plaintiff filed no grievance regarding the claims presented in this action in

accordance with the facility's grievance procedure and has presented nothing to justify his failure to exhaust this administrative remedy. It is likewise clear that the administrative remedy provided by Defendants is no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motions to dismiss (*Doc. Nos. 11, 20*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Lowndes County Detention Center prior to initiating this cause of action.

2.  This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy  available to him at the Lowndes County Detention Center.

3. No costs be taxed.

It is further

ORDERED that **on or before August 3, 2015**, the parties may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation

to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982*). See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this the 20th day of July, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE